IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>BRYAN GRANBOIS,<br><br>Defendant/Movant. | Cause No. CR 02-88-GF-BMM<br>CV 16-56-GF-BMM<br><br>ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant Granbois's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Granbois is a federal prisoner proceeding with counsel.

A grand jury indicted Granbois on one count of aggravated sexual abuse of a child under the age of twelve on September 23, 2002 in violation of 18 U.S.C. § 2241(c). *See* Indictment (Doc. 1). A petit jury found him guilty on April 22, 2003. *See* Verdict (Doc. 44).

Over Granbois's objection, the sentencing judge found that convictions in 1996 and 1998 for abusive sexual contact, *see* 18 U.S.C. § 2244(a)(3), constituted "crimes of violence." *See* Presentence Report ¶¶ 33–34. Granbois qualified as career offender. *See* U.S.S.G. § 4B1.1. Without that designation, Granbois's guideline sentencing range would have been 235 to 293 months. With it, his

1

guideline sentencing range was 360 months to life. The sentencing judge imposed a sentence of life in prison. *See* Judgment (Doc. 68) at 2.

Granbois appealed. Citing *United States v. Pereira-Salmeron*, 337 F.3d 1148 (9th Cir. 2003), the Ninth Circuit affirmed application of the career offender guideline. *See United States v. Granbois*, 376 F.3d 993, 995–97 (9th Cir. 2004).

Granbois now argues that the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), invalidates his sentence. *Johnson* determined that a phrase in 18 U.S.C. § 924(e)(2)(B)(ii) proved so vague that it violated the Due Process Clause. Since the time that Granbois filed his § 2255 motion, the Supreme Court has determined that a similar phrase in 18 U.S.C. § 16(b) also proves unconstitutionally vague. *See Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018).

The Ninth Circuit determined on September 12, 2018, that § 2255 motions seeking relief under the rule of *Johnson* are untimely unless and until the Supreme Court extends *Johnson* to each new context that arguably may be affected by its reasoning. *See United States v. Blackstone*, No. 17-55023, slip op. at 15 (9th Cir. Sept. 12, 2018). *Blackstone* controls the outcome here. Granbois's motion remains untimely.

Granbois's motion also lacks merit. He contends that his sentence improperly relied on the Sentencing Commission's interpretation of the phrase

2

"crime of violence." The definition of the phrase mirrors, however, the definitions at issue in *Dimaya* and *Johnson*.

The Supreme Court has recently determined that "the *advisory* guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886, 890 (2017) (emphasis added). Granbois was sentenced before *Booker v. United States*, 543 U.S. 220, 245 (2005) (Breyer, J.), made the guidelines "effectively advisory." Ninth Circuit precedent before *Booker* determined that the mandatory guidelines remained subject to vagueness challenges under the Due Process Clause. *See United States v. Linda Johnson*, 130 F.3d 1352, 1354 (9th Cir. 1997). Some defendants sentenced under the mandatory sentencing guidelines might be able to challenge their sentences on due process grounds were it not for *Blackstone*.

Three reasons limit application of the Supreme Court's ruling in *Johnson* and the Ninth Circuit's ruling in *Linda Johnson* to Granbois's case. First, on direct appeal, the Ninth Circuit determined that abusive sexual contact qualifies as a "forcible sex offense." *Granbois,* 376 F.3d at 996. Granbois asserts that the Guidelines Commission referred to a "forcible sex offense" in its commentary "based on the presumption that the offenses listed in the commentary categorically qualified as a crime of violence under § 4B1.2(a)'s residual clause." Mot. § 2255 (Doc. 85) at 30. The Ninth Circuit explained, however, that "drafters of the

3

provision likely identified those crimes"—that is, forcible sex offenses—"as inherently posing an implicit 'threatened use of force' . . . even though 'force,' as such, is not an essential element for conviction of those offenses." *Granbois*, 376 F.3d at 996 (quoting *Pereira*, 337 F.3d at 1150).

Second, to fall within the scope of *Johnson*, the definition of "forcible sex offenses" would have to "fail[] to give ordinary people fair notice of the conduct it punishes" or "invite[] arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Nothing unpredictable or indeterminate derives from a rule that any offense involving sexual abuse of a minor qualifies. "Sexual abuse of a minor" simply refers to "the common, everyday meanings of the words 'sexual,' 'abuse,' and 'minor.'" *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999), *quoted in Granbois*, 376 F.3d at 996. The Sentencing Commission's reason for deeming forcible sex offenses to constitute crimes of violence does not deprive defendants of fair notice or invite arbitrary enforcement.

Third, the Commission's definition of "forcible sex offense" does not depend on categorical analysis. A court need not "imagine an idealized ordinary case of [a] crime" or "the kind of conduct the ordinary case of a crime involves." *Dimaya*, 138 S. Ct. at 1214 (internal quotation marks omitted). No one need "judge whether that abstraction presents some not-well-specified-yet-sufficiently-large degree of risk." *Id.* at 1216. A "forcible sex offense" is defined, like all

4

other sufficiently definite terms of law, through use and application.

*Johnson* provides no foothold here. Granbois's motion under 28 U.S.C. § 2255 must be denied because it lacks merit and remains untimely.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to claims on which the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), provided "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Granbois' claims meet the relatively low threshold for a COA by making a substantial showing of denial of a constitutional right. Therefore, a COA is warranted here.

Accordingly, IT IS HEREBY ORDERED:

1. Granbois's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 85) is DENIED;

2. A certificate of appealability is GRANTED. The Clerk of Court shall immediately process the appeal if Granbois files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and

in CV 16-56-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Granbois.

DATED this 27th day of September, 2018.

Brian Morris
United States District Court Judge